UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO A.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:26-cv-04346-AHG

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**[ECF No. 2]**

On July 29, 2026, Plaintiff Pedro A. ("Plaintiff") brought this action against the Commissioner of Social Security, Frank Bisignano, seeking judicial review of the Commissioner's final administrative decision denying his applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. ECF No. 1. Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of

all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff states in his affidavit that he is unemployed and last worked in 2021. ECF No. 2 at 1. He further states that his only income consists of approximately $298 per month in EBT benefits, that he has no cash or money in checking or savings accounts, and that he owns only modest personal property, including clothing and household items. *Id.* at 1–2. Considering the information in the affidavit, the Court finds Plaintiff has sufficiently shown an inability to pay the $405 filing fee under § 1915(a).

### B. Screening under 28 U.S.C. 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section

1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

In the past, this Court and others have applied the familiar Rule 8 pleading standard to conduct the mandatory screening of complaints under the IFP statute in Social Security appeals brought pursuant to 42 U.S.C. § 405(g). *See, e.g.*, *Hoagland*, 2012 WL 2521753, at *2-3; (applying Fed. R. Civ. P. 8(a) to determine the sufficiency of a complaint in a Social Security appeal); *Jaime B. v. Saul*, No. 3:19-CV-02431-JLB, 2020 WL 1169671, at *3 (S.D. Cal. Mar. 10, 2020) (same); *Detra H. v. Kijakazi*, No. 3:22-CV-01162-AHG, 2022 WL 4230547, at *2 (S.D. Cal. Aug. 10, 2022) (same). However, since the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") became effective on December 1, 2022, the standard for screening complaints in the Social Security appeals context has changed. Now, to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules, the Court must apply the Supplemental Rules rather than the Civil Rules. Fed. R. Civ. P. SUPP SS Rule 2 Committee Note. "Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision." *Id.*

Rule 2 of the Supplemental Rules for Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. Accordingly, the Court must apply Rule 2 to determine whether Plaintiff's Complaint

sufficiently states a claim for relief. Under that Rule, the complaint must:

> (A) state that the action is brought under § 405(g);
> (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
> (C) state the name and the county of residence of the person for whom benefits are claimed;
> (D) name the person on whose wage record benefits are claimed; and
> (E) state the type of benefits claimed.

Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). Additionally, Rule 2(b)(2) provides that the complaint may "include a short and plain statement of the grounds for relief."

In his Complaint, Plaintiff (1) states that he brings this action pursuant to § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Administrative Law Judge's ("ALJ") decision dated March 19, 2026, which became final on June 2, 2026 after the Appeals Council affirmed the ALJ's decision; (3) provides his name and county of residence; (4) seeks benefits on his own wage record; and (5) states the type of benefits claimed, namely, Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. ECF No. 1 at 1–2. Plaintiff further includes a description of his grounds for relief in the Complaint, including that the decision is contrary to the law and to the evidence. ECF No. 1 at 2.

Plaintiff's Complaint satisfies all pleading requirements of Rule 2(b) of the Supplemental Rules for Social Security Actions, and there is no indication that the Complaint is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. Accordingly, the Court finds that the Complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

In accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions, and this District's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of

General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. No further action by Plaintiff is needed to effect service of the Complaint, as the Clerk's Office already transmitted the notice of electronic filing of the Complaint to Defendant in the instant case. *See* ECF No. 4, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: August 10, 2026

Honorable Allison H. Goddard
United States Magistrate Judge